UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KWONG NGAI TANG, | ) | 1:12-cv-02073-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE PETITION |
| | ) | WITH LEAVE TO FILE A FIRST |
| | ) | AMENDED PETITION NO LATER THAN |
| v. | ) | THIRTY (30) DAYS AFTER THE DATE |
| | ) | OF SERVICE OF THIS ORDER |
| | ) | (Doc. 1) |
| ICE, ENFORCEMENT AND REMOVAL OPERATION, | ) | |
| | ) | ORDER DIRECTING THE CLERK TO |
| | ) | SEND TO PETITIONER A BLANK |
| Respondent. | ) | HABEAS CORPUS PETITION FORM |
| | ) | PURSUANT TO 28 U.S.C. § 2241 |

DEADLINE FOR FILING FIRST AMENDED PETITION:
THIRTY (30) DAYS AFTER SERVICE

Petitioner alleges that he is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner is proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the

entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on January 8, 2012 (doc. 4).  Pending before the Court is the petition, which was filed on December 26, 2012.

I. <u>Screening the Petition</u>

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976

1  Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir.
2  2001).
3      A petition for habeas corpus should not be dismissed without
4  leave to amend unless it appears that no tenable claim for relief
5  can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d
6  13, 14 (9th Cir. 1971).
7      Here, Petitioner alleges that he is an inmate of the California
8  City Correctional Center in the custody of the "ICE, ENFORCEMENT AND
9  REMOVAL OPERATION." (Pet., doc. 1, 1.) Petitioner alleges that he
10 served a thirty-six-month sentence for the aggressive felony of
11 assaulting a federal agent. Documentation attached to the petition
12 appears to indicate that Petitioner was ordered removed under
13 section 237(a)(2)(A)(iii) of the Immigration and Nationality Act in
14 October 2008. (Id. at 10.) Petitioner alleges that he was released
15 from ICE on an order of supervision in May 2008 after four months of
16 detention in Texas. Further, Petitioner has been in ICE's custody
17 since September 17, 2012, or for more than ninety days. He alleges
18 that he has been cooperating with ICE in effecting his removal in
19 order to receive travel documents from the Chinese embassy, but no
20 travel document has been issued yet. Petitioner alleges that since
21 2008, he has not committed criminal misconduct or any probation
22 violation and has a steady job. His mother is ill and needs his
23 help at home. A notice to alien of file custody review that is
24 appended to the petition indicates that Petitioner is required to
25 cooperate in effecting his removal from the United States, and it
26 further states that Petitioner's custody status was to be reviewed
27 on or about December 5, 2012. (Id. at 8-9.) Petitioner does not
28 include information concerning whether any review of his custody

1 status took place or what the result of any review was.  Petitioner
2 seeks release on an order of supervision.  (Id. at 2.)

## II.   Uncertain Pleading

The notice pleading standard applicable in ordinary civil proceedings does not apply in habeas corpus cases; rather, Habeas Rules 2(c), 4, and 5(b) require a more detailed statement of all grounds for relief and the facts supporting each ground; the petition is expected to state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim.  Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  This is because the purpose of the rules is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition.  Mayle v. Felix, 545 U.S. at 655.  Allegations in a petition that are vague, conclusional, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal.  Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Here, although Petitioner gives background concerning his custody status, Petitioner has failed to state any specific, supporting facts in his claims.  Petitioner has submitted documentation indicating that Petitioner's custody status was being reviewed, but he has not identified any particular hearing or

proceeding that was inadequate or otherwise produced a result that Petitioner alleges violated his rights.  Likewise, Petitioner has not alleged that the failure to hold any hearing or other omission or defect in procedure has violated his rights.  Petitioner has not shown the relationship between the facts and any alleged violation of his rights.

Because Petitioner has failed to include any statement of supporting facts with respect to his claim or claims, the petition must be dismissed.  However, it is possible that Petitioner could state facts supporting his claims.  Accordingly, the claims will be dismissed as uncertain, but Petitioner will be given leave to file an amended petition with respect to the claims.

### III. Amendment of the Petition

The instant petition must be dismissed for the reasons stated above.  Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly stated and with exhaustion of state remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated.  Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.  Further, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

IV. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2241.

IT IS SO ORDERED.

Dated:   **January 9, 2013**          **/s/ Barbara A. McAuliffe**
                                      UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California
6