Case 1:12-cv-02073-BAM   Document 8   Filed 02/22/13   Page 1 of 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KWONG NGAI TANG, | ) | 1:12-cv-02073-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | FIRST AMENDED PETITION SHOULD |
| | ) | NOT BE GRANTED (DOC. 7) |
| v. | ) | |
| | ) | ORDER DIRECTING THE CLERK TO |
| | ) | SERVE DOCUMENTS ON RESPONDENT |
| ICE, ENFORCEMENT AND REMOVAL OPERATION, | ) ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on January 9, 2013 (doc. 6), and on behalf of Respondent on January 8, 2013  (doc. 4).  Pending before the Court is the first

U.S. District Court
E. D. California

1

amended petition, which was filed on January 17, 2013.

Petitioner appears to allege that his detention is indefinite or unduly prolonged, and he further challenges a recent decision to continue Petitioner's detention that was rendered on or about December 18, 2012.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the first amended petition should not be granted. Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2). Respondent SHALL INCLUDE a copy of the relevant portions of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases. In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading. Should the parties fail to notify the Court that Petitioner has been released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue sanctions in appropriate cases. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the first amended petition should not be granted. The Return to the Order to Show Cause is due within FORTY-FIVE (45) days of the date of service of this order. Petitioner may file a Traverse to the Return within TEN (10) days of the date the Return to the Order to Show Cause is filed with the Court.

2.   The Clerk of the Court is DIRECTED to SERVE a copy of the Petition for Writ of Habeas Corpus on the United States Attorney.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(l).  As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:   **February 21, 2013**               **/s/ Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE