UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KWONG NGAI TANG, | ) | 1:12-cv-02073-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS THE FIRST |
| | ) | AMENDED PETITION FOR LACK OF |
| v. | ) | SUBJECT MATTER JURISDICTION |
| | ) | (DOC. 10) |
| | ) | |
| ICE, ENFORCEMENT AND REMOVAL | ) | ORDER DISMISSING THE FIRST |
| OPERATION, | ) | AMENDED PETITION FOR LACK OF |
| | ) | SUBJECT MATTER JURISDICTION |
| Respondent. | ) | (DOC. 7) |
| _____ | ) | |
| | | ORDER DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner was detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on January

9, 2013 (doc. 6), and on behalf of Respondent on January 8, 2013 (doc. 4).  Pending before the Court is the Respondent's motion to dismiss the first amended petition (FAP).  The motion was filed on April 1, 2013, in response to the Court's order to Respondent to show cause why the FAP should not be granted.  Respondent moves to dismiss the petition on the ground of mootness.  Respondent argues that relief can no longer be granted in this proceeding because Petitioner has been removed and thus is no longer in custody. Although the twenty-one-day period for filing opposition to the motion prescribed by Local Rule 230(l) has passed, no opposition to the motion has been filed.

I. <u>Background</u>

In the FAP filed on January 17, 2013, Petitioner, a native of China, appears to allege that his detention is indefinite or unduly prolonged, and he further challenges a recent decision to continue Petitioner's detention pending removal that was rendered on or about December 18, 2012.

Respondent submits a warrant of removal in Petitioner's case (doc. 10-1, 1) and a form bearing Petitioner's photograph and fingerprint as well as the signatures of Petitioner and an immigration officer signing as a witness of Petitioner's removal and departure from the United States (doc. 10-1, 2).  The form indicates that Petitioner's removal occurred on March 19, 2013, on flight number UA585 from SFO.  (<u>Id.</u> at 2.)

II. <u>Proceeding by a Motion to Dismiss</u>

Title 28 U.S.C. § 2241 provides that writs of habeas corpus may be granted by a district court within its jurisdiction only to a prisoner whose custody is within enumerated categories, including

but not limited to custody under the authority of the United States or custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(a), (c)(1) and (3).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled thereto.  28 U.S.C. § 2243.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) is applicable to proceedings brought pursuant to § 2241.  Habeas Rule 1(b).  Habeas Rule 4 permits the filing of "an answer, motion, or other response," and thus it authorizes the filing of a motion in lieu of an answer in response to a petition.  Habeas Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments.  This gives the Court the flexibility and discretion initially to forego an answer in the interest of screening out frivolous applications and eliminating the burden that would be placed on a respondent by ordering an unnecessary answer.  Advisory Committee Notes, 1976 Adoption. Habeas Rule 4 confers upon the Court broad discretion to take "other action the judge may order," including authorizing a respondent to make a motion to dismiss based upon information furnished by respondent, which may show that a petitioner's claims suffer a procedural or jurisdictional infirmity, such as res judicata, failure to exhaust state remedies, or absence of custody.  Id.

The Supreme Court has characterized as erroneous the view that a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding. See, Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978).  However, in light of the broad language of Rule 4, it has been held in this circuit that motions to dismiss are

1  appropriate in cases that proceed pursuant to 28 U.S.C. § 2254 and
2  present issues of failure to exhaust state remedies, O'Bremski v.
3  Maas, 915 F.2d 418, 420 (9th Cir. 1990) (a motion to dismiss for
4  failure to raise any issue of federal law, which was based on the
5  insufficiency of the facts as alleged in the petition to justify
6  relief as a matter of law, was evaluated under Rule 4); White v.
7  Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (procedural default in
8  state court); Hillery v. Pulley, 533 F.Supp. 1189, 1194 n.12
9  (E.D.Cal. 1982) (a motion to dismiss for failure to exhaust state
10 remedies is appropriately considered after receipt of evidence
11 pursuant to Rule 7(a) to clarify whether or not the possible defect,
12 not apparent on the face of the petition, might preclude a hearing
13 on the merits, and after the trial court has determined that summary
14 dismissal is inappropriate).
15      Here, Respondent's motion to dismiss in this proceeding
16 pursuant to § 2241 is based on mootness.  Respondent's motion is
17 similar in procedural posture to a motion to dismiss for failure to
18 exhaust state remedies or for state procedural default.  Further,
19 the motion is unopposed; in the context of the facts alleged in the
20 petition and reflected in Respondent's moving papers, the motion
21 does not raise material factual disputes.  Finally, Respondent has
22 not yet filed a formal answer.
23      The Court therefore exercises its discretion to review
24 Respondent's motion pursuant to its authority under Habeas Rule 4.
25      III.  Analysis
26      Title 28 U.S.C. § 2241 confers habeas corpus jurisdiction upon
27 the Court to hear this case.  Zadvydas v. Davis, 533 U.S. 678, 687-
28 88 (2001).

However, where a Court is without power to grant the relief requested, then the case is moot. Picrin-Peron v. Rison, 930 F.2d 774, 775 (9th Cir. 1991) (petition for habeas corpus seeking release from allegedly unlawful, indefinite detention was moot where the government paroled the petitioner). Where a petitioner who seeks release has been released under circumstances where there is no reasonable likelihood that the alleged wrong will recur, the petition is moot and will be dismissed. Picrin-Peron v. Rison, 930 F.2d at 776.

Here, the release sought by Petitioner was release from the custody of the INS. Respondent has demonstrated that Petitioner has been released from INS custody. Further, because Respondent has established that Petitioner has been removed from the United States, there is no reasonable likelihood that the alleged wrong will recur.

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting

1  Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  Mootness is
2  jurisdictional.  See, Cole v. Oroville Union High School District,
3  228 F.3d 1092, 1098-99 (9th Cir. 2000).  Thus, a moot petition must
4  be dismissed because nothing remains before the Court to be
5  remedied.  Spencer v. Kemna, 523 U.S. at 18.
6      The Court concludes that the petition is moot and must be
7  dismissed.
8      IV.  Disposition
9      Accordingly, it is ORDERED that:
10     1)  Respondent's motion to dismiss the petition as moot is
11 GRANTED; and
12     2)  The petition for writ of habeas corpus is DISMISSED as
13 moot; and
14     3)  The Clerk is DIRECTED to close the action.
15      IT IS SO ORDERED.
16    **Dated:   May 2, 2013**              /s/ **Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE